USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- against -

VICTOR M. WEXLER,

Defendant.

---

02 Cr. 122 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The Court has received the attached correspondence from the defendant Victor Wexler. The Court will file the correspondence under seal because it includes confidential medical information. However, all of the correspondence is being provided to the Government.

The defendant asks the Court to direct the Bureau of Prisons to allow the defendant to spend the remaining portion of his sentence in home confinement rather than in a half-way house, which the defendant explains is scheduled to begin on February 17, 2010. However, the manner in which the defendant serves his sentence is now committed to the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Williams, 56 F.3d 301, 307 (2d Cir. 1995) (Bureau of Prisons has "sole discretion" over location of prisoner's confinement). The defendant is in effect asking the Court to modify his sentence from the sentence of imprisonment that was imposed by the Court to a sentence that transforms a portion of the sentence

- 1 -

into a sentence of home confinement rather than imprisonment. However, the Court cannot modify a sentence in that fashion after it has been imposed. See Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) ("A district Court may not generally modify a term of imprisonment once it has been imposed."); see also 18 U.S.C. § 3582 (Court may not modify a term of imprisonment except under limited circumstances including upon a motion by the Bureau of Prisons, or upon a motion by the Government when the defendant has provided substantial assistance in investigating or prosecuting another person pursuant to Federal Rule of Criminal Procedure 35, or when the sentence of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)). As the defendant recognizes, the Bureau of Prisons does have options such as confinement in a halfway house, but applications for any such options should be made to the Bureau of Prisons and, if the defendant is not satisfied with the decision of the Bureau of Prisons, he should pursue any available administrative appeal within the Bureau of Prisons. It is apparent that the defendant makes a compelling case for his need at home.

The defendant may also wish to consult with his lawyer (as well as the Government) as to any additional remedies he may seek from the Bureau of Prisons.

However, the defendant's request for this Court to order that the remainder of his sentence be served in home confinement is **denied**.

**SO ORDERED.**

Dated: New York, New York
January 4, 2010

John G. Koeltl
United States District Judge